# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 02-320V
### Filed: May 20, 2014
### TO BE PUBLISHED[1]

```
*********************************  *
JENNIFER and BARRIE GOODRIDGE,     *
Parents of DG,                     *
                                   *
                    Petitioners,   *            Attorneys' Fees and Costs;
                                   *            Payment of Fees Award Directly to Counsel
              v.                   *
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES                 *
                                   *
                    Respondent.    *
                                   *
*********************************
```

*John F. McHugh, New York, NY, for Petitioners.*

*Ann D. Martin, U.S. Department of Justice, Washington, DC, for Respondent*


## DECISION AWARDING ATTORNEYS' FEES AND COSTS

**HASTINGS,**  *Special Master.*

In this case under the National Vaccine Injury Compensation Program (hereinafter "the Program"), Petitioners' counsel seeks, pursuant to 42 U.S.C. § 300aa-15(e),[2] an award for attorneys' fees and litigation costs incurred in the course of Petitioners' attempt to obtain Program compensation. After careful consideration, I have determined to grant the request, for the reasons set forth below.

---

[1] Because I have designated this document to be published, this document will be made available to the public unless Petitioners file, within fourteen days, an objection to the disclosure of any material in this decision that would constitute "medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." See 42 U.S.C. § 300aa-12(d)(4)(b).

[2] The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et. seq.* (2006). Hereinafter, for ease of citation, all "§" references will be to 42 U.S.C. §300aa (2006). I will also at times refer to the statute establishing the Program as the "Vaccine Act."

# I

## PROCEDURAL BACKGROUND

The Petitioners, Jennifer Goodridge and Barrie C. Goodridge, filed this petition on April 18, 2002, alleging that "the cumulative effects of numerous vaccinations administered between April 9 of 1998 and September 7, 1999" injured their son, DG. The case was initially assigned to Chief Special Master Gary Golkiewicz. On July 29, 2002, the proceedings in this case were stayed pending the completion of the general inquiry by the Office of Special Masters ("OSM") known as the Omnibus Autism Proceeding ("OAP"). The case was subsequently reassigned to me.

Petitioners filed medical records in support of their claim on May 22, 2008.  After reviewing the medical records, the Secretary of Health and Human Services ("Respondent") filed a "Statement Regarding Whether This Claim Should Proceed" within the OAP, on July 3, 2008. In that document, Respondent stated that there was not enough information in the record to identify the time of onset of DG's condition or to determine whether the petition had been timely filed.

On March 1, 2011, after the completion of the "test 'case'" decisions in the OAP, I issued an Order requiring Petitioners to indicate whether they wished to proceed with this claim or exit from the Program. In response to that Order, Petitioners' counsel filed a "Motion for a Decision on the Record," on June 10, 2011.

On June 15, 2011, I issued an Order requiring Petitioners to identify the evidence in the record on which they relied to support their claim for compensation, as well as any specific statements, diagnoses, and conclusions made by medical professionals that support their claim. The Order provided that Petitioners were to file this information no later than July 15, 2011.

On July 18, 2011, Petitioners' counsel filed a Response to the Order, asserting that the office had been attempting to contact the Petitioners for instructions and information, but had not been able to find the family for over four years. (ECF No. 23.) Petitioners' counsel asserted that "we must ask for a decision on the record as it stands * * *." (*Id.*) On January 30, 2012, Petitioners' counsel filed a "Motion for a Decision on the Record." On October 3, 2012, I issued a Decision denying the Petitioners' claim.

On April 30, 2012, Petitioners' counsel filed a timely Motion for Attorneys' Fees and Costs, seeking a total award of $8899.56 (hereinafter "Pet. App."), to be paid directly to Petitioners' counsel because he has not been able to find the Petitioners since July of 2007. Respondent filed an "Opposition" to Petitioners' application on May 13, 2013. (Hereinafter "Opp.") Respondent also filed a Joint Status Report Regarding Attorneys' Fees and Costs on May 13, 2013, with which Petitioners' counsel concurred.

# II

## LEGAL STANDARD FOR AWARDING ATTORNEYS' FEES AND COSTS

Special masters have the authority to award "reasonable" attorneys' fees and litigation costs in Vaccine Act cases. §300aa-15(e)(1). This is true even when a petitioner is unsuccessful on the merits of

the case, if the petition was filed in good faith and with a reasonable basis. (*Id.*) "The determination of the amount of reasonable attorneys' fees and costs is within the special master's discretion." *Saxton v. HHS*, 3 F.3d 1517, 1520 (Fed. Cir. 1993); see also *Shaw v. HHS*, 609 F.3d 1372, 1377 (Fed. Cir. 2010).

## III

## ISSUE RESOLVED IN THIS DECISION

The issue in this case is whether the check for attorneys' fees can be made payable solely to the petitioners' *counsel* when the petitioners cannot be located.[3]  Respondent argues that under the Vaccine Act a special master has no authority to order payment of an attorneys' fees check directly to counsel. After a careful review of the applicable statute, legislative history, and case law, I find that it is appropriate to award the check solely to a petitioner's counsel in such circumstances.

## IV

## APPLICABLE STATUTORY SCHEME AND CASE LAW

### A.  *Statutory authority*

The statutory authority for awarding compensation to a petitioner is set forth at §15.  Section 15(a) provides for compensation in the case of  "a vaccine-related injury or death associated with the administration of a vaccine *after* October 1, 1988."  §15(a), emphasis added (hereinafter, "post-Act" cases).  Compensation for injuries suffered *before* October 1, 1988 ("pre-Act" cases) is authorized by §15(b), which describes a substantially different method for calculating an award.  Subsection 15(b)(3) specifies that "reasonable attorneys' fees and costs (as provided in subsection (e) of this section)," shall be included in the compensation awarded "to a petitioner" in pre-Act cases.   In contrast, §15(a) does *not* include any mention of an award for *attorneys' fees* for post-Act cases. The sole authority for awarding attorneys' fees in post-Act cases, rather, is contained at §15(e), as described in the following paragraph. This *Goodridge* petition concerns an alleged *post-Act* injury, so §15(e), and *not* §15(b),  is applicable to this request for attorneys' fees.

The Vaccine Act sets forth general conditions and the method for awarding attorneys' fees at subsection 15(e).

> (1) In awarding compensation on a petition filed under section 300aa–11 of this title the special master or court shall also award as part of such compensation an amount to cover—
>
> (A) reasonable attorneys' fees, and
>
> (B) other costs,
>
> incurred in any proceeding on such petition. If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or

---

[3] The parties agree as to the *amount* ($7000) to be awarded for attorneys' fees and costs.

court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

§15(e).  These are the *only* provisions pertaining to attorneys' fees in *post-Act* petitions, while, *pre-Act* petitions have additional qualifications set forth at §15(b).  As noted above, this *Goodridge* petition concerns an alleged post-Act injury, so only §15(e) is applicable to an award of attorney's fees.

## B.  Case law regarding fees' awards in "unsuccessful cases"

According to §15(e), special masters have the authority to award "reasonable" attorney's fees and costs in Vaccine Act cases.  However, there are *two* types of post-Act cases described, and the characteristics of the attorneys' fees awards for each type are distinctly different.  The two types of cases are: 1) those which receive an award of compensatory damages ("successful"), and 2) those which do not receive any compensatory damages ("unsuccessful").  The U.S. Supreme Court has examined these provisions and determined that, "[a]ttorney's fees are provided, not only for successful cases, but even for unsuccessful claims that are not frivolous." (*Bruesewitz v. Wyeth LLC*, 131 S.Ct. 1068, 1074 (2011).) In this *Goodridge* case, there was no award of compensatory damages to the Petitioners, so the applicable provision concerns an "unsuccessful" claim.

Within the context of a different "unsuccessful" petition, the U.S. Court of Appeals for the Federal Circuit reviewed  §15(e) and concluded that "[t]he determination of the amount of reasonable attorneys' fees and costs is within the special master's discretion." *Saxton v. HHS*, 3 F.3d 1517, 1520 (Fed.Cir. 1993); see also *Shaw v HHS*, 609 F.3d 1372, 1377 (Fed.Cir. 2010).  The *Saxton* opinion further states that, "[i]f the petition for compensation is denied, the special master 'may' award reasonable fees and costs if the petition was brought in good faith and upon a reasonable basis; the statute clearly gives him discretion over whether to make such an award."  3 F.3d at 1520.

In *Sebelius v. Cloer*, 133 S. Ct. 1886, 2013 WL 2149791 (2013), the U.S. Supreme Court addressed the possibility of awarding attorney's fees in a Vaccine Act case, when the original petition was untimely filed.  The Court observed that "[t]he text of the statute is clear: like any other unsuccessful petition, an untimely petition brought in good faith and with a reasonable basis that is filed with * * * the Court of Federal Claims is eligible for an award of attorney's fees." (*Id.* at 1895.)  The Supreme Court further opined that the Vaccine Act provides for an award of attorneys' fees "'in *any* proceeding [on an unsuccessful] petition' if such petition was brought in good faith and with a reasonable basis, 42 U.S.C. § 300aa-15(e)(1), irrespective of the reasons for the petition's failure." (*Id.* at 1896, emphasis in original.)  In citing this language from the Vaccine Act, the Supreme Court placed emphasis on the word "any," which was used to describe the type of proceeding that would qualify for an award of attorneys' fees and costs; that is, "*any* proceeding on a petition" would qualify.  Further, the Court included the clarification that attorneys' fees and costs may be compensable for work performed on an unsuccessful petition, "irrespective of the reasons for the petition's failure." (*Id.*)

In two early Vaccine Act cases involving *pre-Act* petitions, it was ruled that it was *not* appropriate to order that an award of attorneys' fees and costs be made payable directly to petitioners' counsel.  *Heston v. HHS*, 41 Fed. Cl. 41 (1998); *Newby v. HHS*, 41 Fed. Cl. 392 (1998).

4

However, in three recent Vaccine Act decisions, all in *post-Act* cases, special masters have ordered that a fees and costs award be made payable directly to petitioners' counsel, in circumstances in which the counsel could no longer make contact with the petitioners. *Gitesatani v. HHS*, 09-799v, 2011 WL 5025006 (Fed. Cl. Spec. Mstr. Sep. 30, 2011); *Tutza v. HHS*, No. 04-223V, 2012 WL 2362594 (Fed. Cl. Spec. Mstr. April 20, 2012); *Turner v. HHS*, No. 02-1437V, 2014 WL 1493119, at *8 (Fed. Cl. Spec. Mstr. Mar. 26, 2014). In another recent such case, a special master similarly noted that "I maintain that under certain narrow circumstances, a special master may award fees and costs directly to counsel, who is the real party in interest in all fees application." *Ortiz-Mutilitis v. HHS*, No. 03-59V, 2012 WL 3902472, at fn. 9 (Fed. Cl. Spec. Mstr. Aug. 14, 2012).

## V

## RESOLUTION

In this case, petitioners' counsel requested that the check for fees and costs be made *payable to counsel himself*. Respondent argued that such procedure would be legally inappropriate.

### A.  Summary

I find that, in this "post-Act" Vaccine Act case, the reasoning of the opinions in the four "post-Act" cases, cited above, is more persuasive than that in the two "pre-Act" cases cited. I reach that conclusion in part because of the distinct difference between the *statutory language* applicable to pre-Act vs. post-Act cases, and in part because of the strong direction, of both the legislative history and the Supreme Court and the Federal Circuit, that attorneys who assist Vaccine Act petitioners in good-faith, reasonably-filed cases *should be compensated* for their efforts.

### B.  Statutory differences between pre-Act and post-Act cases

As described above, the language describing the statutory authority for granting fees and costs in pre-Act cases is quite different from the language used for post-Act cases. As noted above, the statutory authority for awarding compensation to a petitioner is set forth at §15. Section 15(a) provides for compensation in cases where the vaccinee's injury occurred on or after October 1, 1988--that is, "post-Act" cases**.** Compensation for injuries suffered *before* October 1, 1988--*i.e.*, "pre-Act" cases"--is authorized by §15(b), which describes a substantially *different* method for calculating an award. Subsection 15(b) specifies that "reasonable attorneys' fees and costs (as provided in subsection (e) of this section)," shall be included in the compensation awarded "to a petitioner" in pre-Act cases. In contrast, §15(a) does *not* include any mention of an award for *attorneys' fees* for post-Act cases. The *sole* authority for awarding attorneys' fees in post-Act cases, rather, is contained at §15(e), as described in the following paragraph. Section 15(e) states that--

> (1) In awarding compensation on a petition filed under section 300aa–11 of this title the special master or court shall also award as part of such compensation an amount to cover—
> (A) reasonable attorneys' fees, and
> (B) other costs,

incurred in any proceeding on such petition. If the judgment of the United States Court of
Federal Claims on such a petition does not award compensation, the special master or
court may award an amount of compensation to cover petitioner's reasonable attorneys'
fees and other costs incurred in any proceeding on such petition if the special master or
court determines that the petition was brought in good faith and there was a reasonable
basis for the claim for which the petition was brought.

These sentences of §15(e) are the *only* provisions pertaining to attorneys' fees in post-Act cases, while
pre-Act cases are governed by the additional qualifications of §15(b), quoted in the prior paragraph.

The crucial difference, therefore, is the *specific notation* in §15(b) that attorneys' fees awards in
pre-Act cases are made specially "to a petitioner," while the "to a petitioner" language is *absent* from the
language of §15(e), which provides the *only* provision governing awards of attorneys' fees in post-Act
cases.

In *Heston v. HHS*, 41 Fed. Cl. 41 (1998), the judge relied *specifically* upon the "to a petitioner"
language of §15(b), in holding that an attorneys' fees award in that *pre-Act* case necessarily must be
made to the *petitioner* herself, not to the petitioner's attorney. *Id*. at 43. Similarly, one month later, in
*Newby v. HHS*, 41 Fed. Cl. 392 (1998), another judge of this court relied specifically on *Heston*, in again
holding that an attorneys' fees award in a *pre-Act* case could not be made payable directly to the
petitioner's attorney. *Id*. at 393. The judge in *Newby*, like the judge in *Heston*, specifically relied on the
"to a petitioner" statutory language of §15(b). *Id*. at 394.

In contrast to the *Heston* and *Newby* opinions issued in 1998, however, the four *recent* opinions
cited above all involved *post-Act* cases. *Gitesatani v. HHS*, 09-799V, 2011 WL 5025006 (Fed. Cl. Spec.
Mstr. Sep. 30, 2011); *Tutza v. HHS*, No. 04-223V, 2012 WL 2362594 (Fed. Cl. Spec. Mstr. April 20,
2012); *Turner v. HHS*, No. 02-1437V, 2014 WL 1493119, at *8 (Fed. Cl. Spec. Mstr. Mar. 26, 2014);
*Ortiz-Mutilitis v. HHS*, No. 03-59V, 2012 WL 3902472, at fn. 9 (Fed. Cl. Spec. Mstr. Aug. 14, 2012).
In all four cases, the special masters concluded that §15(e), as it applies to *post-Act* cases, affords a
special master with discretion to make an award of attorneys' fees *directly to counsel* in appropriate
circumstances.

In *Gitesatani*, indeed, the special master specifically distinguished the post-Act case before her
from the *Heston* and *Newby* decisions, just as I do here, *precisely because* of the differing statutory
language applicable to attorneys' fees awards in pre-Act and post-Act cases. 2011 WL 5025006 at *2-4.

In *Tutza*, the special master likewise discussed the *Heston* opinion, but found the *Heston* precedent
to be inapplicable to *Tutza*, which was a post-Act case. 2012 WL 2362594 at *1. As in *Gitesatani*, the
special master in *Tutza* found it crucial that §15(e), the attorneys' fees provision applicable to post-Act
cases, did not contain the "to a petitioner" language of §15(b). *Id*.

## C. *Strong policy reasons support my conclusion here*

In addition to the statutory language differences regarding pre-Act and post-Act cases, there are
also very strong *policy reasons* supporting my conclusion here. As explained above, the statute itself
specifies that a special master may make an award of attorneys' fees even in an unsuccessful Vaccine

Act.  It is clear that this provision is designed to help Vaccine Act petitioners to obtain assistance from attorneys in prosecuting their cases.  The U.S. Court of Appeals for the Federal Circuit has noted that: "One of the underlying purposes of the Vaccine Act was to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claim." *Avera v. HHS*, 515 F. 3d 1343, 1352 (Fed. Cir. 2008).  And the Supreme Court recently added that a key purpose of the scheme for awarding attorneys' fees and costs under Vaccine Act is "to avoid 'limit[ing] petitioners' ability to obtain qualified assistance' by making fees awards available for 'non-prevailing, good faith claims.'" *Sebelius v. Cloer*, *supra*, 133 S. Ct. at 1895, citing H.R. Rept. No. 99-908, pt. 1, p. 22 (1986) (hereinafter "H.R. Rept.").

A further exploration of the legislative history cited by the Supreme Court in *Sebelius* shows that the Congressional committee that drafted the Vaccine Act did "not intend that the limitation of fees to those included in the award act[s] to limit petitioners' ability to obtain qualified assistance and intends that the court make adequate provision for attorneys' time and that the court exercise its discretion to award fees in non-prevailing, good-faith claims." H.R. Rept. at 22; *see also Sebelius v. Cloer,* 133 S. Ct. at 1895.  Special masters are thereby instructed to exercise their discretion concerning fees and awards so as to compensate the attorneys of all petitioners who file reasonable, good faith claims, because doing otherwise would discourage the participation of qualified attorneys in the petitioners' bar.  There is no indication that Congress intended to exclude payments to counsel whose former clients are unable or unwilling to support payment of fees for their former attorneys.

In this case, the petition was unsuccessful.  However, it is clear from the statute, legislative history, and case law that awards of attorneys' fees and costs may be appropriate even in unsuccessful cases.  And it is clear that affording compensation to Vaccine Act counsel in *all* good-faith, reasonably-filed cases will benefit all Vaccine Act petitioners, by assisting them in obtaining counsel.  Indeed, attorneys who contemplate representing a petitioner under the Vaccine Act are aware that such claims are often unsuccessful.  But if I were to adopt the approach suggested by the Respondent in this case, a potential attorney would face the possibility that he or she might not be compensated for work reasonably performed, if an unsuccessful petitioner cannot be located or declines to cooperate with his attorney or the court.  Discouraging potential attorneys in this way would contradict the stated intentions of the drafters of the Vaccine Act.

This very policy consideration, indeed, was *strongly stressed by* the special master in *Gitesatani* who, citing Federal Circuit language in *Avera* and other cases, noted that in those rare Vaccine Act cases in which the payment would otherwise not likely make its way to counsel, directing payment directly to the attorney would promote the clear Congressional purpose of encouraging attorneys to accept representation for Vaccine Act petitioners.  2011 WL 5025006 at *4-8.

Similarly, the special master in *Tutza* stressed that permitting payment directly to the attorney, in a situation in which the attorney likely would not otherwise receive the intended compensation, would fulfill the Congressional intent to encourage attorneys to assist Vaccine Act petitioners.  2012 WL 2362594 at *2.

Like the special masters in *Gitesatani* and *Tutza*, I strongly agree that awarding fees directly to counsel in this type of situation clearly would support the Congressional intent of encouraging attorneys to assist Vaccine Act petitioners.

## VI

## CONCLUSION

For the reasons set forth above, I conclude that awarding fees directly to the attorney in this case is fully justified under the statutory language; is not contrary to the *pre-Act* case precedent of *Heston* and *Newby*, and is supported by the *unanimous post-Act case precedent* of *Gitesatani*, *Tutza*, *Turner*, and *Ortiz-Mutillis*. Most importantly, awarding fees directly to the attorney in this case would be supportive of the intent of Congress as indicated in the statute and legislative history, and as interpreted in the Federal Circuit and Supreme Court opinions cited above.

I find that this petition was brought in good faith, and that there existed a reasonable basis for the claim, so that an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(e)(1). In addition, the proposed amount seems reasonable and appropriate.

**Accordingly, I hereby award the total of $7,000.00 in a lump sum, in the form of a check payable to Petitioners' counsel of record, John H. McHugh.** The check shall be sent to:

> John H. McHugh
> Law Offices of John McHugh
> 233 Broadway
> Suite 2320
> New York, NY 10279

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the clerk of the court shall enter judgment in accordance herewith.

**IT IS SO ORDERED.**

/s/ George L. Hastings, Jr.
_____
George L. Hastings, Jr.
Special Master